DECISION
{¶ 1} Defendant-appellant, Robert J. Caulley, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief brought under R.C. 2953.21. Because res judicata bars the claims defendant raises in his petition, we affirm.
 {¶ 2} Defendant's parents, Charles and Lois Caulley, were bludgeoned and stabbed to death in their home in Grove City, Ohio, on or about the night of January 14, *Page 2 
1994. Defendant purportedly discovered the bodies on the morning of January 16, 1994, and reported the crime. Investigators were unable to develop useful evidence at the scene, other than noting that certain valuables and electronic equipment had been rearranged as though part of an attempted or staged burglary. Almost three years after the murders, two Franklin County sheriff deputies went to Houston, Texas, where defendant had relocated for employment. After a lengthy interview at a local police facility, defendant produced a confession that he killed his parents on the night of Friday, January 14, 1994, after an escalating confrontation with his father.
 {¶ 3} Defendant was tried on two counts of aggravated murder with death penalty specifications and one count of aggravated robbery; a jury ultimately found him guilty of manslaughter in the death of his father and murder in the death of his mother. After an appeal that hinged primarily on the admissibility of defendant's confession, we affirmed his convictions. State v. Caulley (Mar. 14, 2002), Franklin App. No. 97AP-1590. We subsequently denied defendant's application to reopen his appeal based upon ineffective assistance of appellate counsel. State v.Caulley, Franklin App. No. 97AP-1590, 2002-Ohio-7039.
 {¶ 4} Defendant filed the present petition for post-conviction relief on July 27, 2001. The state did not respond until March 19, 2004, apparently due to a failure of service. Defendant then filed an application for DNA testing under R.C. 2953.71 et seq. The court granted in part the application for DNA testing on some of the suggested items from the crime scene, but denied defendant's request that (1) a private laboratory, rather than the State Bureau of Criminal Investigation ("BCI"), perform the test, and (2) an independent expert observe testing at BCI. *Page 3 
 {¶ 5} The DNA testing results from BCI eventually proved inconclusive. Defendant then filed a motion for leave to amend his post-conviction petition, a submission of supplemental exhibits, and a motion for additional DNA testing. Defendant also sought additional discovery of the data results supporting BCI's summary DNA report. Without conducting an evidentiary hearing, the trial court dismissed the pending motions and the post-conviction petition itself.
 {¶ 6} Defendant appeals, assigning the following errors:
 ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED BY APPLYING THE DOCTRINE OF RES JUDICATA TO BAR CAULLEY'S FIRST, THIRD, FORTH [sic] SIXTEENTH [sic], SEVENTEENTH [sic], AND EIGHTEENTH [sic] GROUNDS FOR RELIEF.
 ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED IN DISMISSING CAULLEY'S POST-CONVICTION PETITION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT MINIMUM, AN EVIDENTIARY HEARING.
 ASSIGNMENT OF ERROR NO. III
 THE TRIAL COURT ERRED IN DISMISSING CAULLEY'S MOTION FOR LEAVE TO FILE AMENDMENTS TO HIS POST-CONVICTION PETITION AS UNTIMELY WHEN HE DEMONSTRATED GOOD CAUSE FOR ANY DELAY AS WELL AS PREJUDICE TO CAULLEY.
 ASSIGNMENT OF ERROR NO. IV
 THE TRIAL COURT ERRED WHEN IT DENIED CAULLEY'S POST-CONVICTION PETITION WITHOUT FIRST AFFORDING HIM THE OPPORTUNITY TO CONDUCT DISCOVERY. *Page 4 
 ASSIGNMENT OF ERROR NO. V
 THE TRIAL COURT ERRED BY DENYING CAULLEY'S MOTION FOR ADDITIONAL DNA TESTING BASED ON BCI'S DNA TEST RESULTS ON THE FIRST SET OF ITEMS.
I. First and Second Assignments of Error {¶ 7} Defendant's first and second assignments of error assert the trial court erred in concluding application of the doctrine of res judicata barred defendant's eight claims for relief, and further erred in doing so without holding an evidentiary hearing.
 {¶ 8} A petition for post-conviction relief in Ohio is a statutorily created remedy set forth in R.C. 2953.21 and designed to provide an avenue to correct a violation of a defendant's constitutional rights in his criminal trial. The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for post-conviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction; nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980),64 Ohio St.2d 107.
 {¶ 9} To warrant an evidentiary hearing on a petition for post-conviction relief, the petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 33. A trial court may deny a defendant's petition for post-conviction relief without an evidentiary hearing if the petition, supporting affidavits, *Page 5 
documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief.Calhoun, at paragraph two of the syllabus.
 {¶ 10} The most significant restriction on Ohio's statutory procedure for post-conviction relief is the doctrine of res judicata that requires evidence outside the record in the direct criminal proceedings to support the error claimed in the petition. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from the judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or that conviction, or on an appeal from that judgment." State v. Cole (1982), 2 Ohio St.3d 112, 113, quoting State v. Perry (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from `re-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal."Hessler, at ¶ 37.
 {¶ 11} Defendant's first and third claims for relief in his petition assert "actual innocence" as a basis for relief. To the extent his contention articulates a cognizable claim, it best would be described as a claim that defendant's conviction is against the manifest weight of the trial evidence. Because such a claim should have been, and actually was, raised in defendant's direct criminal appeal from his conviction, res judicata bars defendant from raising it in this post-conviction proceeding. Similarly, defendant's second and fourth claims for relief in his petition assert that the prosecution withheld or concealed evidence from the defense. Such an argument was the object of defendant's *Page 6 
fourth assignment of error in his direct criminal appeal, and it therefore has been determined and also is barred by res judicata.
 {¶ 12} Defendant's fifth claim for relief asserts the prosecution engaged in misconduct when the investigating officers briefly arrested and held defendant's wife for obstruction of justice after defendant's arrest. Defendant fully presented those circumstances in his direct criminal appeal as part of his attack upon the voluntariness of his incriminating statements. Again, the trial court properly concluded res judicata bars defendant from raising the issue in post-conviction proceedings.
 {¶ 13} Defendant's sixth claim contends the prosecution engaged in misconduct when it made certain statements in court before the jury. Any such statements from the prosecution, and the trial court's rulings, are fully apparent from the record of defendant's trial. Because they could have been, and in fact in part were, raised in defendant's direct appeal, res judicata bars defendant from asserting them in his post-conviction petition. Similarly, the seventh claim in defendant's petition asserts defendant was denied effective assistance of trial counsel. Again, all the grounds defendant posits for such a claim are fully apparent from the record and could have been raised both in defendant's direct appeal and in a subsequent application to reopen his appeal based upon ineffective assistance of appellate counsel.
 {¶ 14} The eighth claim of defendant's petition asserts cumulative error, including defendant's assertion that the trial court's allegedly prejudicial and incorrect evidentiary rulings denied him his right to due process of law and fair trial. Because the eighth claim is based upon the above-outlined issues that we already concluded res judicata bars, the *Page 7 
trial court did not err in determining res judicata barred defendant's claim of cumulative error.
 {¶ 15} Accordingly, defendant's first and second assignments of error are overruled.
II. Third Assignment of Error {¶ 16} Defendant's third assignment of error asserts the trial court erred in denying his motion to amend his petition for post-conviction relief after the initial DNA report. The record demonstrates that defendant sought leave to amend his petition on January 8, 2007, some five and one-half years after it was initially filed on July 27, 2001. Even with the delays in the court's ruling on defendant's request for additional DNA testing, defendant presented little justification to the trial court for amending his petition. The primary grounds defendant cited were the presence of blood on a shotgun at the scene. Defendant now asserts the blood on the shotgun was inconsistent with his confession that he bludgeoned his parents to death with a baseball bat.
 {¶ 17} The shotgun evidence, however, hardly reflected any inconsistency in light of the uniform crime scene reports indicating a great deal of blood was at the crime scene and the shotgun in question was one of the items that was moved after the killings. The circumstances provided ample opportunity for blood to find its way onto the shotgun, even if defendant did not use it to bludgeon the victims.
 {¶ 18} Defendant also proposed an additional claim relating to his trial counsel's opening statement. In it, defense counsel announced to the jury that another person, Ricky Nelson, confessed to the murders and "compelling evidence" would be produced to so demonstrate. (Tr. 1231.) Defendant offers little explanation for the considerable delay *Page 8 
in seeking to include such an additional claim for relief in his post-conviction petition when trial counsel's statements, his ultimate inability to present the evidence he announced, and the decision not to call Ricky Nelson to testify were apparent from the record. Given defendant's considerable delay in seeking to add such a claim to his petition, and the necessary conclusion that res judicata in any event bars the claim, the trial court did not err in declining to allow defendant to amend his petition.
 {¶ 19} Defendant's third assignment of error is overruled.
III. Fourth Assignment of Error {¶ 20} Defendant's fourth assignment of error asserts that the trial court erred in refusing to allow discovery during the course of post-conviction proceedings. This court previously held that a post-conviction petitioner "is not entitled to discovery to help him or her establish substantive grounds for relief." State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900. See, also, State v. Conway, Franklin App. No. 05AP-550, 2006-Ohio-6219, at ¶ 17 (noting "[t]he Supreme Court of Ohio has stated that `there is no requirement of civil discovery in post-conviction proceedings' "), quoting State ex rel. Lovev. Cuyahoga Cty. Prosecutor's Office (1999), 87 Ohio St.3d 158, 159. Under that authority, the trial court did not err in denying defendant discovery. Defendant's fourth assignment of error is without merit and is overruled.
IV. Fifth Assignment of Error {¶ 21} Defendant's fifth assignment of error asserts the trial court erred in refusing to order additional DNA testing. Defendant, however, selected his most promising evidence pursuant to the trial court's previous order for DNA testing, and BCI's testing produced inconclusive results. Defendant did not demonstrate how further testing could *Page 9 
be potentially "outcome determinative," as R.C. 2953.71(L) requires. Neither the overall circumstances of the case, nor the results of the prior testing, mandated the additional testing defendant sought. The trial court did not err in denying defendant's request for additional testing. Defendant's fifth assignment of error is accordingly overruled.
 {¶ 22} Having overruled defendant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas dismissing defendant's petition for post-conviction relief without a hearing.
Judgment affirmed.
 PETREE and McGRATH, JJ., concur.