OPINION
{¶ 1} In this appeal, defendant-appellant, Quan R. Jordan, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment.
 {¶ 2} In 2005, a jury found appellant guilty of one count of aggravated burglary, two counts of kidnapping, three counts of aggravated robbery, two counts of rape, and one count of attempted rape. Each count also contained a firearm specification. The trial court also found appellant to be a sexually violent predator and a repeat violent offender. The trial court sentenced appellant accordingly. Appellant appealed his conviction and *Page 2 
sentence, and this court affirmed most of appellant's convictions.State v. Jordan, 10th Dist. No. 05AP-1330, 2006-Ohio-5208 ("JordanI"). However, this court reversed the conviction and sentence for first-degree felony kidnapping because the undisputed facts established only a second-degree felony kidnapping offense. We also reversed portions of appellant's sentence because the trial court imposed a sentence different from the sentence it announced at the sentencing hearing in appellant's presence. Id. at ¶ 50. On remand, the trial court re-sentenced appellant and imposed consecutive prison terms, which this court affirmed in State v. Jordan, 10th Dist. No. 07AP-52,2007-Ohio-5097 ("Jordan II").
 {¶ 3} Prior to this court's decision in Jordan I, on July 5, 2006, appellant, acting pro se, filed a petition for post-conviction relief, asserting ineffective assistance of counsel. The trial court denied appellant's motion on November 6, 2006. Appellant then filed a motion for delayed appeal on December 15, 2006, which this court denied on January 18, 2007. Thereafter, on January 30, 2007, this court found that the trial court's November 6, 2006 entry was not a final appealable order.
 {¶ 4} In November 2008, appellant filed with the trial court a motion for relief from judgment pursuant to Civ. R. 60 and Crim. R. 57. In that motion, appellant argued that the indictment was structually defective, relying upon the Supreme Court of Ohio's recent decision in State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"). The state opposed appellant's motion.
 {¶ 5} By decision and entry filed November 14, 2008, the trial court denied appellant's petition for post-conviction relief filed in July 2006, as well as his motion for *Page 3 
relief from judgment filed on November 8, 2008. Appellant appeals, setting forth the following assignments of error for this court's review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO CONDUCT AN EVIDENTIARY HEARING ON THE PETITION FOR POST-CONVICTION RELIEF, DEPRIVING APPELLANT OF DUE PROCESS OF LAW.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING RES JUDICATA TO APPELLANT'S INEFFEC TIVE COUNSEL CLAIMS, ALL OF WHICH RELIED SOLELY UPON EVIDENCE DE HORS THE RECORD, DEPRIVING APPELLANT OF DUE PROCESS OF LAW.
 III. THE TRIAL COURT ERRED IN FAILING TO ADDRESS EACH OF THE GROUNDS FOR RELIEF AND THE EVIDENCE SET FORTH IN THE PETITION, DEPRIVING APPELLANT OF DUE PROCESS OF LAW.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO GRANT RELIEF BASED UPON APPELLANT'S DEMONSTRATION OF INEFFECTIVE COUNSEL AND ACTUAL INNOCENCE, AND THE PREJUDICE RESULTING FROM SUCH INEFFECTIVENESS, AND BY JUROR MISCONDUCT.
 V. THE TRIAL COURT ERRED IN REFUSING TO GRANT RELIEF FROM THE JUDGMENT OF CONVICTION ON A CHARGE THAT WAS NEVER PROPERLY ALLEGED.
 {¶ 6} We shall consider appellant's assignments of error together. Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting *Page 4 
affidavit and other documentary evidence in support of the claim for relief.
 {¶ 7} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), 10th Dist. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. State v.Calhoun, 86 Ohio St.3d 279, 281, 1999-Ohio-102. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 8} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun, at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, at 291.
 {¶ 9} In Calhoun, at 284, the Supreme Court of Ohio held that, "in reviewing a petition for post-conviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to *Page 5 
accept the affidavits as true statements of fact." The Calhoun court added, "[t]o hold otherwise would require a hearing for every post-conviction relief petition." Id. Factors that a trial court should consider in this determination include, but are not limited to: (1) whether the judge reviewing the post-conviction relief petition also presided at the trial; (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person; (3) whether the affidavits contain or rely on hearsay; (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts; and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. Id. at 285.
 {¶ 10} Additionally, "where a petitioner relies upon affidavit testimony as the basis of entitlement to post-conviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." Id. at 284.
 {¶ 11} Here, the gravamen of appellant's argument is that he received ineffective assistance of counsel. Appellant claims that his trial counsel did not file a notice of alibi and failed to call three witnesses to assert an alibi.
 {¶ 12} In a petition for post-conviction relief asserting ineffective assistance of counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, syllabus. "General conclusory allegations to the effect that a *Page 6 
defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing." Id. at 111. See also State v. Pankey (1981), 68 Ohio St.2d 58 (holding appellant's broad conclusory statements, as a matter of law, do not meet the requirements for an evidentiary hearing under Jackson).
 {¶ 13} A defendant alleging ineffective assistance of counsel must demonstrate (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under theSixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, cert. denied (1990), 497 U.S. 1011,110 S.Ct. 3258. In order to secure a hearing on an ineffective-assistance-of-counsel claim in a petition for post-conviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish counsel substantially violated at least one of the attorney's essential duties to his or her client, and the defendant was prejudiced as a result.State v. Cole (1982), 2 Ohio St.3d 112, 114; Jackson, syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Strickland, at 689; Bradley, at 142.
 {¶ 14} We further note that a counsel's decision regarding the calling of witnesses is within the purview of trial strategy, and the failure to subpoena witnesses for trial does not violate counsel's duty to defendant absent a showing of prejudice. State v. Coulter (1992),75 Ohio App.3d 219, 230; State v. Hunt (1984), 20 Ohio App.3d 310, 312. *Page 7 
Accordingly, courts have traditionally been reluctant to find ineffective assistance of counsel in those cases where an attorney fails to call a particular witness. See State v. Otte (1996),74 Ohio St.3d 555, 565-66; State v. Williams (1996), 74 Ohio St.3d 456.
 {¶ 15} In support of his claim for ineffective assistance, appellant submitted the affidavits of Rita Reynolds (a former girlfriend who had a child with appellant), Joe Reynolds (Rita Reynolds' father), and Fasshon Shivers (appellant's niece). Rita Reynolds was the owner of the vehicle that was used in the commission of the offenses for which appellant was convicted, and, in her affidavit, Reynolds states that she saw appellant's friend, Chuck (last name unknown), driving her vehicle on the evening in question, and knows firsthand that appellant did not use her vehicle that evening. She further avers that appellant was with her, at least in part, during the time the crimes were committed.
 {¶ 16} Appellant proffered the affidavit of Joe Reynolds for the purpose of demonstrating that the police detectives who investigated the case had perjured themselves at trial. In his affidavit, Reynolds denies that he told the police that his first name was Gregory (as opposed to Joe), as well as that he told the police that appellant had used Rita Reynolds' vehicle that evening.
 {¶ 17} Fasshon Shivers avers in her affidavit that she lent appellant her car that evening, and also states that appellant was with her, at least in part, during the time the crimes were committed.
 {¶ 18} Here, multiple factors support the trial court's finding that the above affidavits are not credible. Additionally, the information contained in these affidavits contradict the overwhelming evidence presented at trial — both victims positively identified *Page 8 
appellant as their attacker, as well as the vehicle appellant drove that evening during the commission of the offenses.
 {¶ 19} Upon our review of the record, we conclude that appellant has failed to demonstrate that his counsel's decision not to call the above-mentioned individuals as witnesses at trial was outside the wide range of professionally competent assistance. Consequently, appellant has not established that his counsel's failure to call these witnesses constituted ineffective assistance of trial counsel. Even assuming arguendo that appellant's counsel was deficient in that regard, appellant has failed to demonstrate that, but for his counsel's decision not to present testimony of those individuals, there is a reasonable probability that the result of the proceeding would have been different. Thus, appellant's claim that he received ineffective assistance of counsel lacks merit.
 {¶ 20} Appellant's petition also asserts a claim of actual innocence. This court has characterized such a claim as an assertion that the conviction is against the manifest weight of the evidence. State v.Caulley, 10th Dist. No. 07AP-338, 2007-Ohio-7000, ¶ 11. Because this claim was raised in appellant's direct appeal (and rejected by this court), res judicata bars him from raising it in this post-conviction proceeding. Id.
 {¶ 21} Appellant further argues that he was prejudiced by a juror who had viewed a news broadcast about his trial. The evidence presented by appellant in support of this argument is an unauthenticated transcript of a news broadcast, which he claims was viewed by the juror. We find this argument is likewise barred by res judicata and, alternatively, note that such evidence is insufficient to warrant a hearing.
 {¶ 22} We further conclude that appellant's reliance upon Colon I is misplaced. Appellant's petition seeking to apply Colon I to his case fails because the Supreme *Page 9 
Court of Ohio in State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II") made clear that its decision in Colon I applies only prospectively. As the Supreme Court explained in Colon II, to applyColon I prospectively is "in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively." Id. at ¶ 3. As a result, "the new rule applie[s] to cases pending on the announcement date" of ColonI. Id., quoting State v. Evans (1972), 32 Ohio St.2d 185, 186. "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 4, quoting Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6. Thus, because his judgment was final beforeColon I was announced, Colon I does not apply to appellant's conviction. This argument also fails because the motion for relief from judgment in which appellant asserted this argument is, in actuality, an untimely post-conviction petition, and appellant fails to meet the criteria set forth in R.C. 2953.23(A).
 {¶ 23} Having overruled all five of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and SADLER, JJ., concur. *Page 1