OPINION
{¶ 1} Defendant-appellant, Kimberly Hoover-Moore, appeals from a judgment of the Franklin County Court of Common Pleas denying her petition for post-conviction relief. For the following reasons, we affirm that judgment.
 {¶ 2} In 2003, a jury convicted appellant of murder, felonious assault, involuntary manslaughter, and two counts of endangering children. Appellant's convictions arose from the death of S.B., a nine-month old baby girl who died from injuries caused by violent shaking. Appellant provided daycare for S.B. in her home. On November 29, *Page 2 
2002, paramedics were called to appellant's home and found S.B. lying on the floor, unresponsive and lifeless. S.B. died two days later.
 {¶ 3} Appellant appealed her convictions to this court. She argued that: (1) the trial court erred by permitting a doctor to testify about S.B.'s death when the opinion was not made pursuant to Evid.R. 703 and 705; (2) the trial court erred by permitting another doctor to testify about the timing of S.B.'s injuries when the opinion was not made pursuant to Evid.R. 703 and 705; and (3) counsel was ineffective for failing to object to these errors. We disagreed and affirmed the convictions, although we did remand the matter for resentencing.State v. Hoover-Moore, Franklin App. No. 03AP-1186, 2004-Ohio-5541. The Supreme Court of Ohio denied further review. State v. Hoover-Moore,105 Ohio St.3d 1453, 2005-Ohio-763.
 {¶ 4} Appellant timely filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. Appellant subsequently filed an amended petition with leave of the trial court. The trial court denied appellant's amended petition without a hearing based on res judicata as well as appellant's failure to present sufficient facts to support her claims of ineffective assistance of counsel.
 {¶ 5} Appellant appeals and assigns the following errors:
 I. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S REQUEST FOR A HEARING REGARDING HER POST CONVICTION PETITION.
 II. THE TRIAL COURT ERRED IN FINDING TRIAL COUNSEL'S PERFORMANCE EFFECTIVE.
 III. THE TRIAL COURT ERRED WHEN IT FOUND AS A MATTER OF LAW THAT ALL OF APPELLANT'S CLAIMS WERE BARRED BY RES JUDICATA.
 IV. THE TRIAL COURT ERRED IN NOT FINDING THAT APPELLANT'S CLAIM OF ACTUAL INNOCENCE DOES NOT VIOLATE THE CONSTITUTION. *Page 3 
 {¶ 6} Because all four of appellant's assignments of error address the trial court's denial of her petition for post-conviction relief, we will address them together. A post-conviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of the judgment.State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32; Murphy. Nor does it entitle a petitioner to discovery to help establish grounds for relief. State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900.
 {¶ 7} When a person files an R.C. 2953.21 petition, the trial court must grant a hearing unless it determines that the files and records of the case demonstrate the petitioner is not entitled to relief. R.C.2953.21(E); State v. Jackson (1980), 64 Ohio St.2d 107, 109-110
(petitioner for post-conviction relief not automatically entitled to a hearing). In making that determination, the trial court must consider the petition, supporting affidavits, files and records, including, but not limited to, the indictment, journal entries, clerk's records and transcripts of proceedings. R.C. 2953.21(C); State v. Combs (1994),100 Ohio App.3d 90, 97.
 {¶ 8} To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner must first provide evidence that demonstrates substantive grounds for relief. *Page 4 Hessler, at ¶ 33. That evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio and/or United States Constitutions. Id., citing State v. Perry (1967),10 Ohio St.2d 175, at paragraph four of the syllabus. If the petitioner does not submit evidentiary materials which facially demonstrate a constitutional violation, the court may deny the petition without a hearing.Jackson, at 110; Hessler, at ¶ 33. In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard.State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14, citing Calhoun, at 284 (stating the post-conviction relief "statute clearly calls for discretion in determining whether to grant a hearing"). The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 9} There are a number of reasons why a trial court may deny a petition for post-conviction relief without a hearing. The court may deny a petition without a hearing when it finds that the petition does not raise a constitutional issue. Perry, at paragraph four of the syllabus; Combs, at 97. The trial court may also deny a petition for post-conviction relief without a hearing if it finds that the petition advances a constitutional claim, but that claim "was raised or could have been raised" during the original trial or in a subsequent appeal.Perry, at paragraph nine of the syllabus. Those claims are barred by res judicata. Id. Normally, a constitutional claim such as ineffective assistance of counsel is based on evidence in the original trial record and is, therefore, barred on post-conviction. State v. Johnson (1986),24 Ohio St.3d 87, 88; Perry, at paragraph seven of the syllabus. Moreover, claims that could have been raised and fairly determined based *Page 5 
on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus;Combs, at 97.
 {¶ 10} Another type of evidence outside the record that is insufficient to support a post-conviction petition is evidence that fails to meet a minimum level of cogency. Id. at 98, citingCole, supra, at 115. Likewise, evidence outside the record in the form of petitioner's own self-serving affidavit alleging constitutional deprivation will not compel a hearing. State v. Kapper (1983),5 Ohio St.3d 36, 37-38.
 {¶ 11} Even when the evidence passes the minimum threshold of showing a constitutional claim that was not and could not have been raised in the original trial or on appeal, a trial court may still deny the petition without a hearing if the petitioner fails to demonstrate through the petition, supporting affidavits, files and records, substantive grounds for relief. For example, if the evidence submitted is cumulative of, or alternative to, evidence presented at trial, the court may properly deny the petition without a hearing. Combs, at 98, citing State v. Powell (1993), 90 Ohio App.3d 260, 270 (cumulative evidence); State v. Post (1987), 32 Ohio St.3d 380, 387-389 (existence of alternative theories will not show ineffective assistance of trial counsel).
 {¶ 12} Appellant presented five grounds for relief in her amended petition. The first three claimed she received ineffective assistance of counsel at trial. The other two grounds asserted a due process violation and a claim of actual innocence. We must determine whether the trial court erred in concluding that appellant failed to demonstrate substantive grounds for relief.
 {¶ 13} In a petition for post-conviction relief that asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidence demonstrating that *Page 6 
counsel's performance was deficient and that appellant was prejudiced by counsel's deficiencies. Jackson, syllabus. If the petitioner fails to meet this burden, the trial court may dismiss the petition without a hearing. State v. Mengistu, Franklin App. No. 03AP-1202, 2004-Ohio-3596, at ¶ 9. General, conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to require an evidentiary hearing. Jackson, at 111.
 {¶ 14} Preliminarily, we note that in order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; accord State v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by theSixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.Strickland at 690.
 {¶ 15} If appellant successfully proves that counsel's assistance was deficient, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, "a trial whose result is reliable." Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been *Page 7 
different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 16} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v.Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 17} A petition for post-conviction relief that alleges the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel on direct appeal and where the ineffective assistance of counsel claim could otherwise have been raised and fairly determined on direct appeal without resort to evidence outside the record. State v.Lentz (1994), 70 Ohio St.3d 527, 529-530, citing Cole, syllabus. Thus, the presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata. State v.Lawson (1995), 103 Ohio App.3d 307, 315, citing State v. Smith (1985),17 Ohio St.3d 98. However, to overcome the res judicata bar, the evidence offered outside the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. Combs, supra.
 {¶ 18} With these standards in mind, we address appellant's three claims of ineffective assistance of counsel. Appellant first contends that her trial counsel failed to properly raise her medical condition at trial. In support of this claim, appellant presented medical records evidencing that she suffered from an abscess in her armpit and a videotape purportedly showing that appellant had difficulty picking up objects. *Page 8 
 {¶ 19} The evidence appellant now points to does not demonstrate that her trial counsel's performance was deficient. Although appellant argues that her trial counsel should have more forcibly argued that an abscess in her armpit and other physical limitations prevented her from picking up and shaking a baby, appellant admitted at trial that she took care of a number of young children as a daycare provider. She further admitted that she picked up S.B. several times on the day in question. Arguing that appellant was not physically capable of picking up a baby would not have been credible given the nature of appellant's job and her trial testimony. Additionally, the medical records on which appellant now relies do not indicate what physical limitations, if any, arose from her condition. Her self-serving videotape is also insufficient to show that counsel's conduct was deficient. Appellant's trial counsel was not deficient for failing to forcibly argue that appellant was incapable of picking up and shaking S.B.
 {¶ 20} Appellant contends in her second claim of ineffective assistance of counsel that her trial counsel failed to call a particular witness. Appellant does not, however, submit an affidavit from this witness stating what the witness' testimony would have been. Without such an affidavit, it is pure speculation to conclude that the result of appellant's trial would have been different had the witness testified.State v. Thome, Stark App. No. 2003CA00388, 2004-Ohio-7055, at ¶ 70
(failure to show prejudice without affidavit describing testimony of witnesses not called); State v. Stalnaker, Summit App. No. 21731,2004-Ohio-1236, at ¶ 9. Therefore, the trial court did not err by denying this claim for relief without a hearing.
 {¶ 21} Appellant contends in her third claim of ineffective assistance of counsel that her trial counsel failed to present all of the victim's father's prior incidents of domestic violence. Before the trial began, the State filed a motion in limine to prevent appellant *Page 9 
from presenting evidence of the father's prior incidents of domestic violence. The trial court denied the State's motion and instructed counsel that it would make a final ruling when such evidence was presented. Appellant's trial counsel questioned the father about a 2002 domestic violence incident against his wife and another incident in 2001 when he allegedly shook his other daughter. Trial counsel also questioned the mother about these incidents. The trial court admitted this evidence pursuant to Evid.R. 404(B) because both incidents involved the father allegedly shaking another and could show that the father caused S.B.'s injuries, not the appellant.
 {¶ 22} Appellant now claims there are additional incidents of domestic violence involving the father that appellant's trial counsel should have explored. In support of this claim, appellant presents two documents apparently indicating other incidents. These incidents, however, do not appear to have involved shaking of another and would, therefore, not have been admissible pursuant to the trial court's ruling.[1] Thus, trial counsel was not deficient for failing to present these incidents, as counsel was complying with the trial court's evidentiary ruling.
 {¶ 23} Appellant asserts in her fourth ground for relief that the trial court's admission of expert testimony from a doctor who did not examine S.B., and who allegedly contradicted his testimony in another trial, violated her due process rights. With respect to appellant's claim that the doctor's testimony should have been excluded because he failed to personally examine S.B., that claim is barred by res judicata. Appellant raised this claim in her direct appeal, and we found no plain error in the trial court's admission of this testimony.Hoover-Moore, supra, at ¶ 43. *Page 10 
 {¶ 24} To the extent appellant claims the doctor's testimony at her trial was inconsistent with his testimony in another case, we disagree. Although the doctor testified in another case that shaken babies commonly have fractures to the arms or legs, the doctor was not asked about these collateral injuries during appellant's trial. Therefore, his testimony in the two cases was not inconsistent.
 {¶ 25} Lastly, appellant asserts a claim of actual innocence. This court has characterized such a claim as an assertion that the conviction is against the manifest weight of the evidence. State v. Caulley, Franklin App. No. 07AP-338, 2007-Ohio-7000, at ¶ 11. Because this claim could have been raised in appellant's direct appeal of her convictions, res judicata bars her from raising it in this post-conviction proceeding. Id.
 {¶ 26} Because appellant failed to demonstrate substantive grounds for relief in her petition for post-conviction relief, the trial court did not err by denying her claims without a hearing. Appellant's four assignments of error are overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER and FRENCH, JJ., concur.
[1] Appellant did not contest this ruling in her direct appeal to this court and does not attempt to do so in this action. *Page 1