[Cite as *State v. Dunkle*, 2014-Ohio-1028.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                 :            No. 13AP-687
                                           (C.P.C. No. 07CR-01-491)
v.                                                :
                                           (REGULAR CALENDAR)
Charles E. Dunkle,                               :

      Defendant-Appellant.                :

---

D E C I S I O N

Rendered on March 18, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*The Law Office of Eric J. Allen, LTD*, and *Eric J. Allen*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Charles E. Dunkle, from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief filed pursuant to R.C. 2953.21.

{¶ 2} On January 18, 2007, appellant and a co-defendant, Ronnie McWhorter, were indicted for aggravated murder, in violation of R.C. 2903.01. The indictment arose out of the beating death of Howard Hough on January 10, 2007. The matter came for trial before a jury beginning April 15, 2008.

{¶ 3}   While we note the following background facts relevant to this appeal, a more detailed recitation of the facts is set forth in *State v. Dunkle,* 10th Dist. No. 08AP-370, 2009-Ohio-1549.   At trial, the state presented evidence indicating that the victim, Hough, and several other individuals were involved in an altercation in the early evening of January 10, 2007, in which the co-defendant, McWhorter, and another individual, Paul Fugate, pushed Hough to the ground and began beating him.   The men left Hough in a nearby alley and returned to McWhorter's residence.   Appellant, who dated Michelle McWhorter (the co-defendant's sister), was visiting the McWhorter residence that evening.   Heather Moore, a neighbor of the co-defendant, testified that when appellant heard about the incident, he said to McWhorter: "We have got to go finish it."   *Id.* at ¶ 6. Appellant and the co-defendant subsequently left the McWhorter residence for approximately 20 to 30 minutes.   Moore testified that she and Michelle were in the kitchen when the men returned, and that appellant "told them he had 'picked up the board and couldn't stop hitting [Hough].' "   *Id.*  at ¶ 9.   Michelle similarly testified that "appellant 'said he couldn't stop hitting him in the head with the board.' "   *Id.*

{¶ 4}   Medical testimony at trial indicated that the victim died as a result of blunt impact to the head, resulting in skull and brain injury; a forensic pathologist testified that the victim's injuries were consistent with being struck by a board.   Appellant shared a jail cell with William Popich, who testified that appellant bragged about beating an individual with a four-by-four post to the back of the head.

{¶ 5}   The jury returned a verdict on April 21, 2008, finding appellant guilty of aggravated murder.   By judgment entry filed April 22, 2008, the trial court sentenced appellant to 30 years to life imprisonment. Appellant filed a timely appeal of his conviction.   In *Dunkle,* this court overruled each of appellant's five assignments of error and affirmed the judgment of conviction.

{¶ 6}   On March 3, 2009, appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21, asserting that his trial counsel was ineffective in failing to raise the issue of a medical condition and in failing to call a potential exculpatory witness.   On March 29, 2009, the state filed a response to appellant's petition.   By decision and entry filed December 6, 2012, the trial court dismissed the petition for post-conviction relief without a hearing.

{¶ 7} On appeal, appellant sets forth the following assignment of error for this court's review:

> Appellant was not provided with effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution made applicable to the state of Ohio by the Fourteenth Amendment.

{¶ 8} Under his single assignment of error, appellant contends the trial court erred in dismissing his petition on the issue of ineffective assistance of counsel. Appellant argues that he submitted evidentiary materials showing his trial counsel was ineffective in failing to present medical evidence and in deciding not to call a potential exculpatory witness.

{¶ 9} R.C. 2953.21 states in part:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
>
> * * *
>
> (C) Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶ 10} A petition for post-conviction relief in Ohio "is a statutory vehicle designed to correct the violation of a defendant's constitutional rights." *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 28. A post-conviction relief proceeding is not an

appeal of a criminal proceeding; rather, it is a "collateral civil attack on a criminal judgment." *State v. Davis*, 12th Dist. No. CA2012-12-258, 2013-Ohio-3878, ¶ 12, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). The post-conviction process " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained' in the trial court record." *State v. Messer-Tomak,* 10th Dist. No. 10AP-847, 2011-Ohio-3700, ¶ 7, quoting *State v. Murphy,* 10th Dist. No. 00AP-233 (Dec. 26, 2000). A trial court may dismiss a petition for post-conviction relief if the court determines that the doctrine of res judicata is applicable. *State v. Melhado,* 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 10.

{¶ 11} A petitioner seeking post-conviction relief in not automatically entitled to an evidentiary hearing. *Messer-Tomak* at ¶ 8, citing *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). Rather, "[t]o warrant an evidentiary hearing, the defendant bears the initial burden of providing evidence to demonstrate a cognizable claim of constitutional error." *Id.* Accordingly, "[a] trial court may deny a defendant's petition for post-conviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Id.* A reviewing court will uphold a trial court's decision granting or denying a petition for post-conviction relief absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 12} In order to prevail on a claim of ineffective assistance of counsel, a defendant is required to "show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Smith,* 89 Ohio St.3d 323, 327 (2000), citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish prejudice, a defendant is required to prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 13} Appellant first contends his trial counsel was ineffective for failing to present medical evidence. Specifically, appellant maintains he has suffered severe seizures since childhood, and that he was not taking medication at the time of the incident. Appellant also claims he had a severely injured wrist around the time of the

events at issue, which would have made it difficult for him to have struck the victim with a board.

{¶ 14} In its post-conviction decision, the trial court noted that appellant attached, as an exhibit to his petition, a "Novartis drug information pamphlet" in support of his claim that a medical condition precluded him from committing the crime. Appellant also attached a Wikipedia article titled "Status epilepticus." In considering the materials submitted, the trial court observed "there is no evidence, affidavit or otherwise, attached to the postconviction petition supporting a medical diagnosis of epilepsy or wrist problems that was in existence at the time of trial." The trial court further noted there was no evidence that appellant "offered the information to trial counsel" or that trial counsel "failed to pursue it."

{¶ 15} The record supports the trial court's determination that appellant did not submit any affidavits or other evidence, such as medical records, of an alleged medical condition (seizures). While appellant attached a "Novartis" drug information sheet, there was no evidence, medical or otherwise, that he had ever taken this medication. Similarly, appellant did not present any evidentiary materials to substantiate the allegation he was suffering from a wrist injury at the time of the events. Appellant also failed to show that his trial counsel was aware of an alleged medical condition and/or wrist injury at the time of trial. Thus, appellant did not demonstrate that his counsel was ineffective in failing to present medical evidence.

{¶ 16} Appellant also contends his counsel was ineffective in failing to call as a witness Jason Lozier, the co-defendant's cellmate. According to appellant, Lozier would have testified that the co-defendant, McWhorter, was high on cocaine and drunk at the time he beat Hough, and that McWhorter was going to "pin it on his co-defendant."

{¶ 17} The trial court noted, however, that trial counsel "had an investigator interview Mr. Lozier and decided not to call him." The court viewed, as trial strategy, defense counsel's decision not to call Lozier as a witness, and held that, "[w]ithout an affidavit from Mr. Lozier, how he would have testified is mere speculation." The court further noted that the testimony of appellant's cellmate, Popich, would have contradicted the purported testimony of Lozier. Finally, the trial court found that appellant could not satisfy the prejudice prong of *Strickland,* based upon the court's conclusion that the

testimony of Lozier would not have resulted in a reasonable probability of a different outcome.

{¶ 18} Again, we find no error with the trial court's determination. While appellant submitted a 2007 interview summary and some letters from Lozier to the prosecutor from 2007, appellant did not submit the affidavit of Lozier. This court has previously noted that, "[w]ithout such an affidavit, it is pure speculation to conclude that the result of appellant's trial would have been different had the witness testified." *State v. Hoover-Moore,* 10th Dist. No. 07AP-788, 2008-Ohio-2020, ¶ 20, citing *State v. Thorne,* 5th Dist. No. 2003CA00388, 2004-Ohio-7055.

{¶ 19} Further, the decision whether to call a witness is generally a matter of trial strategy. *See State v. Treesh,* 90 Ohio St.3d 460, 490 (2001) ("Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court"); *State v. Smith,* 115 Ohio App.3d 419, 426 (3d Dist.1996) ("it is well established that counsel's decisions concerning which witnesses to call at trial fall within the realm of trial strategy and tactics and generally will not constitute ineffective assistance of counsel").

{¶ 20} As noted by the state, the documents submitted, including the 2007 interview summary, indicate that Lozier was not interested in testifying for the defense but, instead, expressed a desire to work with the state in an effort to reduce his own sentence. In that interview, the investigator quotes Lozier as stating: "I was hoping to testify for the prosecution to get a little bit of help out with mine." In a letter to one of the prosecutors, dated December 18, 2007, Lozier notes he had spoken with a private investigator and that he had "answered some of her questions, but made it clear I did not want to be a witness on [their] behalf." Thus, in light of Lozier's expressed reluctance to testify on behalf of appellant, trial counsel could have believed the inmate would not have provided favorable testimony for the defense. Here, the record supports the trial court's finding that trial counsel's decision not to call Lozier as a witness was within the realm of reasonable trial strategy.

{¶ 21} Upon review, the trial court did not err in finding that appellant failed to present sufficient operative facts to demonstrate that trial counsel was ineffective or that

counsel's performance prejudiced appellant.  Accordingly, the trial court did not abuse its discretion in denying appellant's petition for post-conviction relief without a hearing.

{¶ 22} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____