[Cite as *State v. Griffin*, 2014-Ohio-5659.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-182 |
| v. | : | (C.P.C. No. 09CR-7439) |
| Vincent R. Griffin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Vincent R. Griffin*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶1} Defendant-appellant, Vincent R. Griffin, pro se, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition to vacate or set aside judgment. For the following reasons, we affirm.

I. BACKGROUND

{¶2} In June 2010, a jury convicted appellant of attempted rape, felonious assault, kidnapping, and abduction, and the trial court convicted appellant of the associated sexually violent predator and repeat violent offender specifications. The trial court sentenced appellant in September 2010. Appellant's convictions and sentence arose from a December 1, 2009 incident involving the assault and attempted rape of a female victim at knifepoint inside a van owned by appellant.

{¶3}    Appellant appealed his convictions and sentence to this court, asserting 14 assignments of error.   We affirmed the convictions, but remanded the matter for resentencing.  *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, *appeal denied*, 131 Ohio St.3d 1413, 2012-Ohio-136.

{¶4}    While his appeal was pending in this court, appellant timely filed in the trial court a petition for postconviction relief,[1] pursuant to R.C. 2953.21, asserting two claims for relief.  Appellant later amended his petition to add two additional claims for relief.

{¶5}    Appellant subsequently filed a motion requesting a hearing on his petition, which the trial court denied.  Appellant appealed that decision to this court.  Concluding the trial court's order denying appellant's request for a hearing to be interlocutory and not a final, appealable order, we granted the motion to dismiss filed by plaintiff-appellee, State of Ohio.  *State v. Griffin*, 10th Dist. No. 13AP-182 (May 3, 2013 Journal Entry of Dismissal).

{¶6}    Thereafter, on February 6, 2014, the trial court issued a decision and entry denying appellant's postconviction petition.   On March 5, 2014, appellant filed a document entitled "Notice of Appeal/Reopen Appeal of Post-Conviction."   This court construed that filing as a timely notice of appeal.  *State v. Griffin*, 10th Dist. No. 13AP-182 (Apr. 24, 2014) (memorandum decision).

## II. ASSIGNMENTS OF ERROR

{¶7}    Appellant sets forth the following three assignments of error:

[I.] Upon the Record, this Court will find that appellant has adduced full proof evidence (evideniary) for this post-conviction, and Judge Kimberly Cocroft gave false reports on her decision, to not grant Griffin his right of passage through the Gate (Gate-Keeper), upon an arbitrary decision.

[II.] Upon the Record, this Court will find the Sixth Amendment was violated (Ineffective Assistance of Counsel), upon the Suspension and New reliable Evidence.

[III.] Actual Innocence do apply but Judge Cocroft refuse to acknowledge it.  This is an Error and made in a blatant Way,

---

[1] As did the trial court, this court construes appellant's petition to vacate or set aside judgment as a petition for postconviction relief.

> because the Evidentiary-Evidence Wass adduced to these proceeding.

(Sic passim.)

## III. DISCUSSION

{¶8} Because all three of appellant's assignments of error challenge the trial court's dismissal of his petition for postconviction relief, we will address them together. The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Cochran*, 10th Dist. No. 12AP-73, 2012-Ohio-4077, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). " 'It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained' in the trial court record." *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). "Postconviction review is not a constitutional right but rather is a narrow remedy that affords a petitioner no rights beyond those the statute grants." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A postconviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶9} "A defendant is not automatically entitled to an evidentiary hearing on the petition." *Id.* at ¶ 9, citing *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). "To warrant an evidentiary hearing, the defendant bears the initial burden of providing evidence to demonstrate a cognizable claim of constitutional error." *Id.*, citing R.C. 2953.21(C); *Hessler* at ¶ 33. "A trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Id.*, citing *Calhoun* at paragraph two of the syllabus.

{¶10} " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *Id.* at ¶ 10, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. An abuse of discretion connotes

more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶11} A trial court may deny a petition for postconviction relief without conducting a hearing for a number of reasons. *State v. Hoover-Moore*, 10th Dist. No. 07AP-788, 2008-Ohio-2020, ¶ 9. A trial court may deny a petition without a hearing when the petition does not raise a constitutional issue. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus. A court may also deny a petition without a hearing if the petition advances a constitutional claim, but that claim " 'was raised or could have been raised' " during the original trial or in a subsequent appeal. *Id.*, quoting *Perry* at paragraph nine of the syllabus. Such claims are barred by res judicata. *Id.* Generally, a constitutional claim such as ineffective assistance of counsel is based on evidence in the original trial record and is, therefore, barred on postconviction. *Id.*, citing *State v. Johnson,* 24 Ohio St.3d 87, 88 (1986); *Perry* at paragraph seven of the syllabus. In addition, claims that could have been raised and fairly determined based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record. *Hoover-Moore* at ¶ 9, citing *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus.

{¶12} Furthermore, evidence outside the record that fails to meet a minimum level of cogency is insufficient to support a postconviction petition. *Id.* at ¶ 10, citing *Johnson* at 98, citing *Cole* at 115. Similarly, evidence outside the record in the form of a petitioner's self-serving affidavit alleging constitutional deprivation is also insufficient to compel a hearing. *Id.*, citing *State v. Kapper*, 5 Ohio St.3d 36, 37-38 (1983).

{¶13} Appellant's assignments of error are difficult to decipher. From what we can discern, appellant argues that he presented sufficient evidence demonstrating substantive grounds for relief on all four of the claims asserted in his petition. Accordingly, we must determine whether the trial court abused its discretion in dismissing appellant's petition.

{¶14} Appellant first alleged a violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution arising from law enforcement's alleged failure to permit his live-in fiancée to witness the inventory of the items recovered during a search of their apartment or to sign the inventory receipt for

those items.  The trial court concluded appellant's claim did not rise to the level of a constitutional violation.

{¶15} In his petition, appellant did not challenge the validity of the search warrant.  Rather, appellant contended the police failed to follow procedures regarding execution and return of the search warrant.  R.C. 2933.241 and Crim.R. 41(D) govern those procedures.  The statute and rule identically provide that the officer taking property pursuant to a search warrant "shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken.  The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer."

{¶16}  Appellant's claim is barred by res judicata.  This issue was raised both at the suppression hearing and at trial.  Appellant admits as much in his postconviction petition. Indeed, appellant stated, "you will find upon the Trial (Pre) Transcripts of The Suppression Hearing That Ms. Spratt did Testify to These fact, as Well as the Exhibit's and or Discovery Evidence reveal the (Inventory Receipt), where Ms. Spratt did not sign it.  Detective also attest to not asking her to sign it, as well as never showed her any items removed from her apartment."  (Sic passim.)  (Mar. 23, 2011 Petition to Vacate or Set Aside Judgment of Conviction or Sentence, 3.)  Further, even if the issue had not been raised during the suppression hearing and/or at trial, it could have been raised at either or both of those proceedings or on direct appeal.

{¶17}  Appellant secondly alleged a violation of the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution grounded upon his actual innocence.  Appellant based this claim on law enforcement's failure to obtain a sample of his DNA and compare it to unidentified male DNA recovered from the knife used in the attack of the victim.  The trial court found that this claim was barred by

res judicata and that appellant submitted no evidence outside the record to substantiate this claim.

{¶18} This court has characterized a claim of actual innocence raised in a postconviction proceeding as a challenge to the manifest weight of the evidence.[2] *Hoover-Moore* at ¶ 25, citing *State v. Cauley*, 10th Dist. No. 07AP-338, 2007-Ohio-7000, ¶ 11; *State v. Madden*, 10th Dist. No. 08AP-172, 2008-Ohio-2653, ¶ 12, citing *Hoover-Moore.* In his direct appeal, appellant challenged the trial testimony of Detective Haynes concerning why no DNA sample had been taken from appellant and why no testing was performed to determine whether appellant was a match for the unidentified male DNA found on the knife used in the victim's attack. Detective Haynes testified that he did not believe it was necessary to obtain a DNA sample from appellant because other evidence overwhelmingly established appellant as the perpetrator of the crime. This court found no merit to appellant's assignment of error. *Griffin*, 2011-Ohio-4250, at ¶ 57-63. Because appellant's claim regarding the DNA sample should have been, and actually was, raised in appellant's direct appeal from his conviction, res judicata bars appellant from raising it in a postconviction proceeding.

{¶19} In his third claim for relief, appellant alleged he was not afforded effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution due to trial counsel's alleged failure to (1) investigate records of 9-1-1 calls that were provided in supplemental discovery, and (2) file supplemental arguments in support of a motion to suppress filed by trial counsel. The trial court rejected appellant's first argument on grounds that appellant failed to provide evidence of the 9-1-1 calls. As to the second argument, the court found that appellant had failed to submit evidence or case law substantiating his claim that additional arguments on the motion to suppress would have been meritorious or changed the outcome of the case.

---

[2] We note that, although appellant's claim of actual innocence is based on the failure to compare appellant's DNA with the unidentified DNA sample from the attack, appellant does not claim that he has submitted an application for DNA testing to the trial court pursuant to R.C. 2953.71 et seq. *See, generally, State v. Caulley*, 10th Dist. No. 09AP-172, 2009-Ohio-5801, ¶ 12-18. Therefore, we need not consider the application of such provisions to appellant's claim in the present matter.

{¶20} "In Ohio, a properly licensed attorney is presumed competent."  *State v. Taylor*, 10th Dist. No. 14AP-166, 2014-Ohio-3574, ¶ 11, citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301 (1965).  Thus, the burden of demonstrating ineffective assistance of counsel is on the party asserting it.  *Id.*, citing *State v. Smith*, 17 Ohio St.3d 98, 100 (1985).  "Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance."  *Id.*, citing *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998).

{¶21} To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate (1) defense counsel's performance was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced appellant, depriving him of a trial whose result is reliable.  *Cochran* at ¶ 12, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.

{¶22} In his petition, appellant alleged that he called 9-1-1 from his apartment between 5:30 and 6:00 p.m. on December 1, 2009 (the date and approximate time the victim was attacked inside appellant's van) to report that his van had been stolen.  Appellant further alleged that between 5:30 and 5:50 p.m. on December 1, 2009, an unidentified woman called 9-1-1 and reported the name of the person who stole appellant's van.  Appellant asserted that supplemental discovery provided to trial counsel by the prosecution prior to trial included a CD recording of both 9-1-1 calls.  Appellant alleged that trial counsel's failure to investigate the 9-1-1 calls constituted deficient performance and that he was prejudiced thereby, as the 9-1-1 calls would have established an alibi defense.

{¶23} Appellant's ineffective assistance claim regarding the 9-1-1 calls is barred by res judicata.  "A petition for post-conviction relief that alleges the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel on direct appeal and where the ineffective assistance of counsel claim could otherwise have been raised and fairly determined on direct appeal without resort to evidence outside the record."  *Hoover-Moore* at ¶ 17, citing *State v. Lentz*, 70 Ohio St.3d 527, 529-30 (1994).  Here, appellant was represented by new

counsel on direct appeal, and appellate counsel raised an ineffective assistance of trial counsel claim regarding other alleged errors made by trial counsel.  By his own admission, recordings of the 9-1-1 calls were provided to the defense by the prosecution prior to trial. Thus, any claim of ineffective assistance of counsel pertaining to trial counsel's failure to investigate the 9-1-1 calls could have been raised and fairly determined on direct appeal.

{¶24} Appellant's claim that his counsel was ineffective in failing to file supplement arguments in support of the motion to suppress is also barred by res judicata. As noted above, appellant was represented by new counsel on direct appeal, and appellate counsel raised an ineffective assistance of trial counsel claim regarding other alleged errors made by trial counsel.  A claim regarding counsel's ineffectiveness in failing to augment arguments asserted in a motion to suppress could have been raised and fairly determined on direct appeal.

{¶25}  In his final claim for relief, appellant alleged the prosecution violated the compulsory process clauses of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by withholding evidence of the 9-1-1 calls allegedly made by appellant and the unknown female caller.  The trial court found appellant's claim without factual basis, stating "[d]efendant has never asserted the failure to comply with rules for discovery before filing his Petition and the Court will not permit him to make unfounded allegations in an attempt to formulate some basis for relief." (Feb. 6, 2014 Decision and Entry, 7.)

{¶26}  Although appellant has framed his argument in terms of a compulsory process violation, the substance of his argument is actually that the prosecution's failure to disclose evidence of the 9-1-1 calls violated Crim.R. 16.  As noted above, appellant admitted in his petition that the prosecution provided the defense with the 9-1-1 recordings in supplementary discovery filed prior to trial.  Nonetheless, appellant contended that the prosecution withheld a portion of the 9-1-1 recordings.  However, appellant failed to support his assertion with any evidence other than his own self-serving affidavit.  This court has previously held that a petitioner's own self-serving affidavit is legally insufficient to rebut the record in the underlying criminal proceedings.  *Taylor* at ¶ 16, citing *State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749.

{¶27} Moreover, appellant's claim is barred by res judicata. As noted above, appellant was represented by new counsel on appeal and could have raised the Crim.R. 16 discovery issue on direct appeal. *See State v. Wooten*, 10th Dist. No. 91AP-322 (Dec. 31, 1991) (non-compliance with Crim.R. 16 "is an appealable issue," and "res judicata precludes a defendant from asserting issues in post-conviction proceedings which could have been raised on direct appeal").

{¶28} Because appellant failed to demonstrate substantive grounds for relief in his petition to vacate or set aside judgment, the trial court did not err by dismissing his petition. Accordingly, appellant's three assignments of error are overruled.

## IV. CONCLUSION

{¶29} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____